## Serpiello v. Serpiello

*Harvey L. Lees, Jr.*, for plaintiff.
*Stanton C. Kelton, III*, for defendant.

MIMS, *J.*, December 17, 1982—Plaintiff, Joseph S. Serpiello, has filed a motion for a protective order requesting that the court vacate the order of October 28, 1982, and defer all discovery of plaintiff.

On September 30, 1982, defendant, Ruth C. Serpiello, filed a motion to compel answers to interrogatories, in which she requested the court to enter an order pursuant to Pa. R.C.P. 4019. In her motion, she sets forth that the interrogatories, sent to plaintiff's attorney on June 16, 1982, seek to discover information about a partnership in which plaintiff has an interest. She contends that the information sought is not within her knowledge or control, since the parties have been separated for at least five years, and that the answers are essential to develop her claims for alimony and equitable distribution. The court entered the order on October 28, 1982.

Pa. R.C.P. 1920.22(b) provides that when claims for alimony and equitable distribution are pending in a divorce action, any party may serve any other

party interrogatories limited to those claims. This rule is modified by Bucks County R.C.P. 1920.22*(c) which provides that interrogatories limited to alimony and equitable distribution may be filed and served no more than 20 days after the service of the complaint or petition making those claims, and, thereafter, only with leave of court.

Defendant's petition for equitable distribution, alimony, alimony pendente lite, counsel fees and expenses was filed on February 26, 1982. The interrogatories were not served until June 18, 1982.

Although defendant did not file a motion for leave to serve interrogatories, as required by Bucks County R.C.P. 1920.22*(c), she did set forth reasons in her motion to compel answers to interrogatories why the discovery was essential to her claims for alimony and equitable distribution. Our order of October 28, 1982, implied that defendant had leave of court to serve interrogatories on plaintiff. Our order was entered in the spirit of Pa. R.C.P. 126, which permits the court to disregard any error or defect in procedure which does not effect the substantive rights of the parties.

Pa. R.C.P. 4012 provides that upon motion by a party, or by the person from whom discovery is sought, a court may, for good cause shown, make any order which justice requires to protect a party from unreasonable annoyance, embarrassment, oppression, burden or expense.

The decision as to whether a motion for a protective order should be granted or denied is within the sound discretion of the court. See Jamison v. Saul, 2 D.&C.3d 495 (1977). In his motion for protective order, plaintiff sets forth the position that until the domestic relations conference officer has filed his summary and recommendations as to alimony and equitable distribution, written interrogatories

652

are premature. Plaintiff relies on Pa. R.C.P. 1910.12(c)(2), which provides that discovery take place after the conference, if an agreement has not been reached. Plaintiff's reliance on Pa. R.C.P. 1910.12 is misplaced, since it relates to actions for support. The divorce rules provide no such limitation. In fact, it is essential that discovery take place prior to the conference, in order that the party seeking discovery be prepared to present his or her economic claims. Plaintiff further contends in his motion that, pursuant to an agreed order, he is paying defendant $70 per week support, and will continue to pay same until the decree of equitable distribution has been entered. Since he is paying support, plaintiff takes the position that alimony is no longer an issue. A careful review of this file indicates that there have been no recommendations filed with regard to alimony or equitable distribution, nor has there been any master's hearing on these claims. As long as these issues are pending, discovery will be permitted.

Plaintiff has not persuaded us of the existence of good cause which would justify vacating our order of October 28, 1982, and ordering that all discovery of plaintiff be deferred. Furthermore, plaintiff has not persuaded us that the cost, annoyance and burden of answering these interrogatories would be unreasonable. Therefore, plaintiff is directed to answer defendant's interrogatories.

Accordingly, we enter the following

ORDER

And now, this December 17, 1982, it is hereby ordered that plaintiff's motion for a protective order be denied and the order of October 28, 1982 be affirmed. Plaintiff is hereby directed and ordered to

file written answers to interrogatories, pursuant to Pa. R.C.P. 4006, and to serve copies thereof on counsel for defendant, on or before January 31, 1983, or be subject to such sanctions as the court may direct.